IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2007

Charles R. Fulbruge III
Clerk

No. 07-50075

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESUS OMAR GRAJEDA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1258

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jesus Omar Grajeda pleaded guilty to assault of a federal officer and was sentenced, inter alia, to 27 months' imprisonment. He challenges the sentence on only one basis: an enhancement for causing bodily injury to that officer. AFFIRMED.

I.

After illegally crossing into the United States, Grajeda was taken into custody by United States Border Patrol Agents on 7 June 2006. At the Border

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Patrol station, during processing, Grajeda kicked one of the Agents in the abdomen. As a result, the Agent suffered bruising and red marks.

On 29 September 2006, Grajeda pleaded guilty to assault of a federal officer, in violation of 18 U.S.C. § 111. At sentencing, under the now advisory guidelines, he received a two-level enhancement because the district court found the assaulted Agent suffered bodily injury.

II.

As noted, Grajeda challenges only that enhancement, claiming the Agent did not suffer a serious enough injury to warrant its application under Guideline § 2A2.4(b)(2). Although the guidelines are now advisory, in deciding whether the sentence is reasonable, we review, inter alia, the district court's fact-finding underlying computing the guideline sentencing range; such review is only for clear error. E.g., United States v. Charon, 442 F.3d 881, 886-87 (5th Cir.), cert. denied, 127 S. Ct. 260 (2006).

Guideline § 2A2.4(b)(2) provides: one whose offense involves bodily injury to the victim shall receive a two-level enhancement. The guidelines define bodily injury as "any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought". U.S.S.G. § 1B1.1 cmt. n.1(B).

The presentence investigation report (PSR) recommended the bodily-injury enhancement because Grajeda "kicked and struck the agent on the right side of his chest causing bruising and pain". The district court, in agreement with the PSR, found Grajeda inflicted bodily injury on the Agent, as demonstrated by the court's statement in determining the guideline sentencing range: "He gets the added 3 levels because [kicking the Agent] involved physical contact and he gets added [sic] 2 levels because he inflicted bodily injury, and then he gets 2 off for acceptance [of responsibility]". (Emphasis added.)

The district court may adopt the recitation of facts in the PSR, provided there is sufficient basis for these facts and defendant adduces no rebuttal evidence. E.g., United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006). The defendant bears the burden of proving that the district court should not rely on the PSR. E.g., United States v. Betancourt, 422 F.3d 240, 248 (5th Cir. 2005). In this instance, the PSR provided sufficient information to support the bodily-injury enhancement, and Grajeda failed to sufficiently rebut the PSR. Therefore, the district court's bodily-injury finding was not clearly erroneous.

## III.

For the foregoing reasons, the judgment is AFFIRMED.